**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RAFAEL AQUINO, III, ) | Case No. 1:25-cv-1871 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| HUNTINGTON NATIONAL BANK, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiff Raphael Aquino, III filed this action without a lawyer to challenge a foreclosure judgment entered against him in State court. He asserts claims for breach of fiduciary duty, constructive fraud, and "Ultra Vires Acts." He seeks to void the State court foreclosure judgment and the sheriff's sale, discharge his obligation under the mortgage, and quiet title to the property. Defendants moved to dismiss, asserting that the Court lacks federal subject-matter jurisdiction over this case, that the case is barred by the Rooker-Feldman doctrine and by *res judicata* and that the complaint fails to state a claim on which relief may be granted.

**STATEMENT OF FACTS**

According to the complaint, which the Court takes as true and construes in Plaintiff's favor in the current procedural posture, Mr. Aquino entered into a mortgage with Huntington National Bank on December 8, 2021. Huntington initiated a foreclosure proceeding against Mr. Aquino in State court on April 4, 2025.

Plaintiff challenged the foreclosure claiming it was not valid because he submitted various forms of "tender" to satisfy the debt, including a "special deposit" sent to the court on February 6, 2025, and a one-dollar bill with a specific serial number sent to Huntington's chief executive officer. Also, he argued that Huntington could not foreclosure on the property without providing him with an accounting. The State trial court granted judgment in favor of Huntington on April 30, 2025. The property was sold at a sheriff's sale on June 23, 2025, and the sale was confirmed by the court on September 29, 2025.

## STATEMENT OF THE CASE

Plaintiff filed his first case in federal court contesting the foreclosure on June 26, 2025, just three days after the State trial court confirmed the sale of the property. He brought that action against Huntington, the law firm that represented Huntington in the foreclosure action, the State trial court, the judge and magistrate who presided over the foreclosure, the clerk of the court, the sheriff's department and the sheriff's deputy who conducted the sale. Again, he contested the validity of the foreclosure, claiming that he made a "special deposit" in the court on February 6, 2025 and delivered the one-dollar bill to Huntington's chief executive officer. *See Aquino v. Huntington Nat'l Bank*, No. 1:25-cv-1332 (N.D. Ohio Aug. 27, 2025). The Court dismissed the case on August 27, 2025, stating that the complaint failed to meet the minimum pleading requirements of Rule 8 and was barred by the *Rooker-Feldman* doctrine and *res judicata*. *Id*.

Undeterred, Plaintiff filed this action two weeks later on September 9, 2025, asserting the same claims against substantially the same Defendants. Again, he asserts that the foreclosure is not valid because he tendered a "special deposit" sent to the court and sent a one-dollar bill with a specific serial number to Huntington's chief executive officer as payment of his debt. He adds that the foreclosure could not proceed once he demanded a full accounting. He seeks an order voiding the State court judgments and quieting title to the property in his name.

## ANALYSIS

Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). Generally, motions under Rule 12(b)(1) fall into two categories: facial attacks and factual attacks. *See, e.g., United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 884–85 (N.D. Ohio 2010) (citing *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio. 1997)). Here, Defendants bring a facial attack on the Court's subject-matter jurisdiction. Therefore, the Court must accept Plaintiff's allegations in the complaint as true. *Ritchie*, 15 F.3d at 598. Plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Defendants maintain that Plaintiff's complaint does not establish a basis for federal subject-matter jurisdiction. (ECF No. 5, PageID #82–85.) Federal courts are courts of limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one State and all defendants are citizens of another. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff does not plead facts to establish the State of his domicile; however, he lists an address in Cleveland, Ohio as his residence, suggesting his citizenship is in Ohio. At least five of the Defendants are also citizens of Ohio, including the law firm, the judge and magistrate, the clerk of court, and the sheriff. Diversity of citizenship is not complete and cannot be the basis for federal court jurisdiction.

Nor does the complaint plead a federal cause of action. Plaintiff's claims for breach of fiduciary duty, constructive fraud, and "ultra vires acts" arise, if at all, under State law. Plaintiff does not refer to a substantive federal statute or constitutional provision that would plausibly provide a cause of action in this case. His assertion of "Article III judicial power in equity" as a basis for federal jurisdiction is meritless. (ECF No. 1, PageID #1.) Therefore, the Court lacks subject-matter jurisdiction and must dismiss the case.

Federal courts do not have jurisdiction to overturn State court decisions even if the request to reverse the State court judgment is based on an allegation that the State court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Here, Plaintiff seeks relief from the State court foreclosure judgment. He asks the Court to void the judgement of foreclosure, void the order of sale, and enjoin any eviction proceedings that may be initiated. He asks the Court to reverse the State

5

court judgment and grant him title to the property, unencumbered by the mortgage. The Court lacks the jurisdiction to grant such relief in this case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. (ECF No. 3; ECF No. 5.) Therefore, the Court **DENIES AS MOOT** Plaintiff's motion for an injunction. (ECF No. 8.) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith. Further, Mr. Aquino has now filed multiple lawsuits making the same arguments about the same facts. The Court admonishes advises Mr. Aquino that, if he persists in making frivolous filings, the Court will restrict his ability to file papers in the Northern District of Ohio.

**SO ORDERED.**

Dated: December 12, 2025

					J. Philip Calabrese
					United States District Judge
					Northern District of Ohio